UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SOCRATES PAPACEORGIO,**

    **Plaintiff,**

-vs-                                          **CASE NO.:**

**DISCOVER FINANCIAL SERVICES, INC.,**    **JURY TRIAL DEMANDED**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, SOCRATES PAPACEORGIO, by and through his undersigned counsel, sues the Defendant, DISCOVER FINANCIAL SERVICES, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like DISCOVER FINANCIAL SERVICES, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

1

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Pinellas County), the phone calls were received in this District, and the Defendant transacts business in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant, DISCOVER FINANCIAL SERVICES, INC., is a corporation which was formed in Illinois with its principal place of business at 2500 Lake Cook Road Riverwoods, IL 60015, conducting business in the State of Florida.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Pinellas County, Florida, by the Defendant's placing of illegal calls to Pinellas County, Florida.

18. Defendant, at all material times, was attempting to collect on a debt (hereinafter the "subject account"), which was issued and serviced by Defendant.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to nine (9) times a day from early 2013 through July 2013, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that there was a pause heard before he was connected to an agent when he answered calls from the Defendant, which is a common indicator of an ATDS.

21.     In early 2013 when the calls began the Plaintiff requested that the Defendant stop calling him, specifically by stating "take me off your list, I don't have the money to pay you." Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after that conversation in in early 2013 was done so after he had revoked consent and without the "prior expressed consent" of the Plaintiff.

22.     Plaintiff is the regular user and carrier of the cellular telephone number, (727) ***-4231, and was the called party and recipient of Defendant's autodialer calls.

23.     The autodialer calls from Defendant came from the telephone numbers including but not limited to (800) 347-3149, and when that number is called, a prerecorded voice or a representative answers and identifies the company as "Discover Financial Services."

24.     Since his initial revocation of consent the calls from the Defendant have continued.  The Plaintiff estimates he received hundreds of calls since revocation of his consent to be called by the Defendant.

25.     Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued after early 2013 including, but not limited to, the following calls:

    i. 07/10/2013 07:18:56 AM

    ii. 07/10/2013 01:32:11 PM

    iii. 07/10/2013 01:32:19 PM

    iv. 07/10/2013 02:02:31 PM

    v. 07/10/2013 02:02:47 PM

    vi. 07/10/2013 02:35:51 PM

    vii. 07/10/2013 02:36:02 PM

    viii. 07/11/2013 12:12:32 PM

    ix. 07/11/2013 12:12:39 PM

    x. 07/11/2013 02:23:51 PM

    xi. 07/11/2013 03:35:22 PM

    xii. 07/11/2013 06:03:17 PM

    xiii. 07/11/2013 06:03:27 PM

    xiv. 07/12/2013 12:21:19 PM

    xv. 07/12/2013 12:21:28 PM

    xvi. 07/12/2013 02:17:56 PM

    xvii. 07/12/2013 05:27:32 PM

    xviii. 07/12/2013 09:57:17 PM

    xix. 07/13/2013 01:58:46 PM

    xx. 07/13/2013 01:58:53 PM

    xxi. 07/13/2013 03:38:20 PM

    xxii. 07/13/2013 03:38:28 PM

    xxiii. 07/15/2013 01:24:51 PM

xxiv. 07/15/2013 05:27:02 PM

xxv. 07/15/2013 05:27:09 PM

xxvi. 07/15/2013 07:09:08 PM

xxvii. 07/15/2013 07:09:15 PM

xxviii. 07/15/2013 07:58:42 PM

xxix. 07/15/2013 07:58:50 PM

xxx. 07/16/2013 01:02:32 PM

xxxi. 07/16/2013 01:02:39 PM

xxxii. 07/16/2013 03:06:51 PM

xxxiii. 07/16/2013 03:07:01 PM

xxxiv. 07/16/2013 06:48:54 PM

xxxv. 07/16/2013 06:49:01 PM

xxxvi. 07/16/2013 08:27:32 PM

xxxvii. 07/16/2013 08:27:39 PM

xxxviii. 07/17/2013 12:55:48 PM

xxxix. 07/17/2013 02:30:11 PM

xl. 07/17/2013 02:30:18 PM

xli. 07/17/2013 03:41:30 PM

xlii. 07/17/2013 07:52:48 PM

xliii. 07/18/2013 02:31:24 PM

xliv. 07/18/2013 02:31:32 PM

xlv. 07/18/2013 04:04:53 PM

xlvi. 07/18/2013 04:05:01 PM

xlvii. 07/18/2013 08:21:24 PM

xlviii. 07/18/2013 08:21:32 PM

xlix. 07/18/2013 10:11:11 PM

l. 07/18/2013 10:11:20 PM

li. 07/18/2013 11:00:04 PM

lii. 07/18/2013 11:00:12 PM

liii. 07/19/2013 01:24:33 PM

liv. 07/19/2013 01:30:30 PM

lv. 07/19/2013 03:05:41 PM

lvi. 07/19/2013 03:11:02 PM

lvii. 07/19/2013 03:37:26 PM

lviii. 07/19/2013 03:43:38 PM

lix. 07/19/2013 07:29:02 PM

lx. 07/19/2013 07:34:37 PM

lxi. 07/19/2013 09:42:32 PM

lxii. 07/19/2013 09:49:22 PM

lxiii. 07/19/2013 11:35:03 PM

lxiv. 07/19/2013 11:40:40 PM

lxv. 07/20/2013 12:48:44 AM

lxvi. 07/20/2013 12:54:38 AM

lxvii. 07/20/2013 01:52:21 PM

lxviii. 07/20/2013 01:59:15 PM

lxix. 07/20/2013 03:07:08 PM

lxx.    07/20/2013 03:54:02 PM

lxxi.   07/22/2013 12:07:33 PM

lxxii.  07/22/2013 12:12:44 PM

lxxiii. 07/22/2013 01:37:00 PM

lxxiv.  07/22/2013 01:42:48 PM

lxxv.   07/22/2013 03:02:08 PM

lxxvi.  07/22/2013 05:06:07 PM

lxxvii. 07/22/2013 05:12:49 PM

lxxviii. 07/22/2013 09:15:46 PM

lxxix.  07/22/2013 09:21:46 PM

lxxx.   07/22/2013 11:20:42 PM

lxxxi.  07/22/2013 11:57:54 PM

lxxxii. 07/23/2013 12:43:55 AM

lxxxiii. 07/23/2013 12:50:35 PM

lxxxiv. 07/23/2013 01:19:54 PM

lxxxv.  07/23/2013 02:15:30 PM

lxxxvi. 07/23/2013 02:41:44 PM

lxxxvii. 07/23/2013 03:44:37 PM

lxxxviii. 07/23/2013 09:10:03 PM

lxxxix. 07/23/2013 09:16:11 PM

xc.     07/23/2013 11:55:49 PM

xci.    07/24/2013 12:01:12 AM

xcii.   07/24/2013 10:20:56 AM

  xciii. 07/24/2013 12:40:28 PM

  xciv. 07/24/2013 12:46:11 PM

  xcv. 07/24/2013 01:17:58 PM

  xcvi. 07/24/2013 02:12:04 PM

 Total: 96 calls in fifteen (15) days (averaging 6.4 calls per day).

26. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the number.

27. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well beyond early 2013, when Plaintiff first advised Defendant to stop calling him.

28. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

29. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

30. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

32. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

33. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

34. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

35. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) above as if fully stated herein.

36. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

38. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in early 2013, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him, and told Defendant to stop calling him.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, DISCOVER FINANCIAL SERVICES, INC., for statutory damages, actual damages, treble damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

                                                  Respectfully submitted,

                                                  *s/ Frank H. Kerney III*
                                                  Frank H. Kerney III, Esquire
                                                  Morgan & Morgan,  Tampa, P.A.
                                                  201 North Franklin Street, 7th Floor
                                                  Tampa, FL 33602
                                                  Tele:  (813) 223-5505
                                                  Fax:  (813) 223-5402
                                                  Florida Bar #:  88672
                                                  Attorney for Plaintiff
                                                  FKerney@forthepeople.com