UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SOCRATES PAPACEORGIO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   CASE NO. 8:15-cv-2537-SCB-TGW |
| DISCOVER FINANCIAL SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

## MOTION FOR ORDER TO SHOW CAUSE OR, IN THE ALTERNATIVE, MOTION TO STAY PROCEEDINGS

**COMES NOW** defendant Discover Products Inc., improperly named as Discover Financial Services, Inc. ("Discover"), by and through their undersigned counsel, specifically reserving all defenses available under Fed. R. Civ. P. 12(b), and hereby files this Motion for Order to Show Cause requiring plaintiff Socrates Papageorgio ("Plaintiff") to explain why he has initiated this lawsuit in direct contravention of the Judgment and permanent injunction entered in the class action *Andrew Steinfeld v. Discover Financial Services, et al.*, No. 3:12-CV-1118, Doc. 100 (N.D. Cal. April 7, 2014). In the alternative, Discover requests this Court stay the instant proceedings while it seeks relief from the U.S. District Court for the Northern District of California. In support of this Motion, Discover states as follows:

### I. INTRODUCTION

On October 28, 2015, Plaintiff commenced this action in the Middle District of Florida, Tampa Division, seeking to litigate claims that were released by the Final Judgment entered in the *Steinfeld* action. Plaintiff's claims relate to calls, purportedly placed to him by Discover on his cell phone, using an auto-dialer or pre-recorded voice without his consent. These allegations

lie at the very core of the issues resolved in *Steinfeld* and therefore violate the permanent injunction in the *Steinfeld* Final Judgment.

As detailed below, Plaintiff is prohibited from proceeding any further in the instant action because he is barred by the permanent injunction entered in the *Steinfeld* case from filing any additional lawsuits against Discover on the same facts that form the foundation for the *Steinfeld* lawsuit. Thus, Discover requests a show cause order from this Court requiring Plaintiff to explain why he has chosen to proceed in direct contravention of the permanent injunction. In the alternative, Discover requests this Court stay the instant proceedings in order to give Discover time to seek appropriate relief for Plaintiff's violation in the U.S. District Court for the Northern District of California.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The *Steinfeld* Case and the Class Action Settlement.

On March 31, 2014, the U.S. District Court for the Northern District of California issued an order approving the settlement of the *Steinfeld* nationwide class action lawsuit. *See Andrew Steinfeld v. Discover Financial Services, et al.*, No. 3:12-CV-1118, Doc. 100 (N.D. Cal. April 7, 2014).[1] The approval of the class action settlement was the culmination of years of litigation over calls, purportedly placed to individuals by Discover on their cell phones using an auto-dialer or pre-recorded voice without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. *See id*.

---

[1] A copy of the *Steinfeld* Final Judgment and the order approving the *Steinfeld* class action settlement are attached hereto as Composite Exhibit A.

2

}

The parties entered into settlement negotiations and reached an agreement to resolve the litigation May 17, 2013. In the settlement agreement, the parties stipulated to the certification of the following class:

> All persons to whom, on or after November 20, 2007 through the date of the Preliminary approval, Discover Financial Services or any of its affiliates or subsidiaries placed a non-emergency telephone call to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice. Excluded from the Settlement Class are . . . all persons who validly request exclusion from the Settlement Class.

*Id*. at Doc. 49, p. 8.

In exchange for monetary and injunctive relief, the settlement contained a classwide release. *Id*. at pp. 21-23. The classwide release provided that each class member who chose not to opt out would release Discover, its affiliates, and specified third parties, "from any and all rights, duties, obligations, claims, causes of action or liabilities, whether arising under local, state or federal law . . . that arise out of or are related in any way to the use of an 'automatic telephone dialing system' and/or an 'artificial or prerecorded voice' to make 'calls' to a cellular telephone . . ." *Id*.

The Northern District of California granted the parties' motion for preliminary approval of the class settlement on September 10, 2013. *Id*. at Doc. 59. The Court also found that the proposed nationwide class met all of the requirements for class certification and approved the form of notice. *Id*. The Northern District of California gave class members until January 13, 2014, to object or opt-out and until February 25, 2014, to submit a claim form. *Id*. The court also granted the motion for a preliminary injunction against parallel litigation. *Id*. Accordingly, all of the class members' TCPA claims relating to calls made between November 30, 2007 and September 10, 2013 are barred and have been released by the class settlement.

}

### B.  Class Action Notice and the Claims Administrator.

The court approved Kurtzman Carson Consultants ("KCC") as the Claims Administrator and KCC sent a copy of the Class Notice and Claim Form to each potential class member. *Id.* Out of a class of over 8 million, more than 97,362 filed claim forms, 254 filed requests for exclusion, 239 chose to opt-out and nine filed objections. *Id*. at Doc. 97, p. 11. A copy of the Class Notice was also published in the *USA Today* during the week of November 27, 2013, and there was a website established to provide class members with information at http://classaction.kccllc.net/DTS. *Id.* at Doc. 97, p. 7. KCC established a toll-free telephone number to provide answers to questions. Class members who wanted additional information could contact KCC through mail as well. *Id.*

### C.  Class Action Approval.

On March 31, 2014, the Northern District of California approved the settlement based upon the papers and arguments heard in the fairness hearing on February 14, 2014. *Id.* at Doc. 97, p. 1. The court first approved certification of the proposed nationwide class. *Id.* at 6. The court then found that the settlement was fair, reasonable, and adequate. *Id.* at 10.

### III. ARGUMENT

Plaintiff's lawsuit against Discover is improper. When a plaintiff asserts claims against a party released in a class action settlement that is protected by a permanent injunction in a class action order, the proper course is for the defendant claiming protection to file a motion to show cause. *See Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 814, 821-22 (11th Cir. 2010).

There is no question that the claims of Plaintiff in the instant case are precluded based on the language of the Northern District of California's injunction. The injunction in the Final Judgment enjoins and restrains all class members who did not duly request exclusion. It states "each and every one of the Settlement Class Members unconditionally, fully and finally releases

4

}

and forever discharges the Released Parties from the Released Claims." *See Steinfeld*, No. 3:12-cv-01118-JSW, Doc. 100, p. 1.

Here, Plaintiff's Complaint provides a summary of his claims, including allegations that Discover called him, using an "automatic telephone dialing system" without consent. *Id*. at Doc. 1, p. 4. The complaint provides a time frame for the calls of "early 2013 through July 2013." There can be no question that the instant lawsuit involves allegations that are nearly identical to those submitted in *Steinfeld*, and covered by the *Steinfeld* date range.

The impetus for defendants to settle class action suits is the finality of the litigation. *See O'Brien v. Nat'l Property Analysts Partners*, 739 F. Supp. 896, 900 (S.D.N.Y. 1990) (recognizing that a court must balance the policy in favor of hearing a litigant's claims on the merits with the policy in favor of finality); *see also In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 164 F.R.D. 362, 371 (S.D.N.Y. 1996) ("Defendants would be loath to offer substantial sums of money in compromise settlements of class actions unless they can rely on the notice provisions of Rule 23 to bind class members."); *Burns v. Elrod*, 757 F.2d 151, 155 (7th Cir. 1985) ("Defendants are entitled to some certainty in their settlement liability . . . ."); *In re Four Seasons Secs. Laws Litig.*, 60 F.R.D. 598, 602 n. 10 (W.D. Okla. 1973) ("The notice provisions of Rule 23 . . . are designed to provide due process and, at the same time, achieve finality in class litigation."). Allowing Plaintiff to proceed with his claims here would undermine the very purpose of class action litigation. As a result, this Court should issue an order to show cause, requiring Plaintiff to explain why he has initiated this lawsuit in direct contravention of the *Steinfeld* permanent injunction.

Should this Court determine it does not have jurisdiction to address this issue, Discover requests this Court stay the current litigation until Discover can seek relief in the Northern

}

District of California. Plaintiff has initiated this lawsuit despite a binding Final Judgment from that Court strictly prohibiting Plaintiff from suing Discover on the issues contained in this lawsuit and, thus, the Northern District of California should be given the opportunity to address Plaintiff's noncompliance. Therefore, a stay of these proceedings would be prudent.

## IV. CONCLUSION

Based on the foregoing, Discover requests this Court issue an order to show cause based on Plaintiff's act of initiating the current lawsuit in violation of the binding permanent injunction issued by the Northern District of California in the *Steinfeld* case. In the alternative, Discover requests a stay of this litigation while it seeks relief from the Northern District of California with regard to Plaintiff's violation of that court's permanent injunction.

Respectfully Submitted,

*/s/ Jacqueline Simms-Petredis*
David Elliott, Esq.
FL Bar #94237
Email: flservice@burr.com
delliott@burr.com
cwingate@burr.com
Jacqueline Simms-Petredis, Esq.
FL Bar #906751
Email: flservice@burr.com
jsimms-petredis@burr.com codom@burr.com
Burr & Forman LLP
201 North Franklin Street, Suite 3200
Tampa, Florida 33602
Tel: (813) 221-2626
Fax: (813) 357-3534

*Attorneys for Discover*

}

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF System which will furnish an electronic notice this 21st day of December, 2015 to:

Frank H. Kerney, III, Esq.
Morgan & Morgan, P.A.
201 N. Franklin St., Ste. 700
Tampa, FL 33602
fkerney@forthepeople.com

                                          */s/ Jacqueline Simms-Petredis*
                                          Jacqueline A. Simms-Petredis

}